UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELVIN R. THOMAS<br>d/b/a/ K&D PAWNSHOP | CIVIL ACTION |
| VERSUS | NO. 16-1539 |
| BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS & EXPLOSIVES | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court is "Respondent's Motion for Summary Judgment" (Rec. Doc. 13), filed by the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). Petitioner, Kelvin R. Thomas d/b/a K&D Pawnshop ("Thomas"), proceeding *pro se*, opposes ATF's motion and has filed a memorandum in opposition (Rec. Doc. 20), to which ATF has replied. (Rec. Doc. 23). Having carefully considered the parties' supporting and opposing submissions, the administrative record, and the applicable law, **IT IS ORDERED** that ATF's motion is **GRANTED** for the reasons stated herein.

**I.     BACKGROUND**

The instant matter arises out of ATF's revocation of Thomas' federal firearms license due to his alleged failure to comply with the statutory requirements of the Gun Control Act of 1968, 18 U.S.C. §§ 921-931 ("GCA"). Specifically, Thomas seeks review of ATF's decision to revoke his federal firearms license based upon ATF's finding that Thomas committed willful violations of the GCA.

Thomas acquired his federal firearms license in 1992, and since he acquired his license, ATF has conducted various compliance inspections. (Rec. Doc. 13-1 at p. 2). For simplicity

purposes, ATF provided the Court with the following chart, which details the timeline of ATF's compliance inspections of Thomas, along with the findings and outcome of such inspections, since he acquired his license:

| DATE | FINDINGS | ACTION(S) TAKEN |
|---|---|---|
| October 28, 1994 | 3 violations (including failure to properly maintain acquisition and disposition records and to properly complete ATF Forms 4473) | Report of Violations and Warning Letter issued to Petitioner |
| July 16, 1996 | 2 violations (12 instances of incorrectly completed ATF 4473s and 13 instances of failure to attach ATF Form 5300.35 to Form 4473) | Report of Violations issued to Petitioner |
| October 23, 2007 | 8 violations (including over 20 instances of either incompletely or inaccurately filling out Form 4473s; plus a like number of forms missing NICS authorizations; multiple failures to maintain acquisition/disposition log) | Report of Violations issued to Petitioner; Requirements reviewed with Petitioner who signed an Acknowledgment of same; Warning conference subsequently conducted with Petitioner |
| March 30, 2015 | 11 violations (3 of [which] were deemed willful: 2 sales to prohibited persons; 3 failures to obtain NICS background checks; 3 transfers not recorded on ATF Form 4473s) | Notice of Revocation, sustained after administrative hearing |

*See* Rec. Doc. 23. ATF's revocation of Thomas' federal firearms license is based upon violations discovered during the March 30, 2015 inspection, which ATF alleges were mostly "repeats of errors/omissions Thomas had previously committed." (Rec. Doc. 13-1 at p. 13). Specifically, following the March 30, 2015 inspection, ATF issued a "Notice of Revocation" on August 21, 2015, which was based upon three of the eleven violations cited at that particular inspection. *Id*. at p. 5. After Thomas submitted a timely request for a hearing to contest ATF's revocation of his license, a hearing was held on November 17, 2015, in accordance with 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.74. *Id*. at p. 6.

2

After considering the documentary evidence and testimony at the hearing, the hearing officer, Claude Maraist ("Maraist"), submitted a report to the ATF Director, Industry Operations ("DIO"), Mathew Wren ("Wren"), in which he concluded that Thomas had willfully violated federal firearms laws. *Id*. Wren then issued a "Final Notice of Revocation" on January 22, 2016. *Id*. Ultimately, Wren concluded that Thomas committed three willful violations of the GCA:

1) <u>Transfer in Violation of Law</u>

The Licensee, by and through its agents and employees, willfully sold or delivered a firearm on approximately two occasions to persons he knew or had reasonable cause to believe were subject to Federal firearms disabilities, in violation of 18 U.S.C. § 922(d)(1) and 27 C.F.R. §478.99(c).

2) <u>Background Check Violations</u>

The Licensee, by and through its agents and employees, willfully transferred a firearm to an unlicensed person on three occasions, in violation of 18 U.S.C. §922(t) and 27 C.F.R. §478.102(a).

3) <u>ATF Form 4473 Violations</u>

The Licensee, by and through its agents and employees, willfully sold or otherwise disposed of a firearm to an unlicensed person without recording the transaction on a firearms transaction record, ATF Form 4473, on approximately three occasions, in violation of 18 U.S.C. §923(g)(1)(A) and 27 C.F.R. §478.124(a).

*Id*. at p. 7. Following the "Final Notice of Revocation," Thomas filed a complaint in this Court seeking review of ATF's decision. Thereafter, ATF filed the instant motion for summary judgment.

In its motion for summary judgment, ATF argues that it is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure because Thomas willfully violated GCA provisions, subjecting him to the revocation of his federal firearms license. *Id*. at p. 1. ATF maintains that the revocation of a federal firearms license is subject to *de novo* review pursuant to 18 U.S.C. § 923(f). *Id*. at p. 9. ATF further postures that an evidentiary hearing, which is not required in order for a court to grant summary judgment, is unnecessary under these

circumstances because Thomas does not dispute the factual basis for revocation, nor does Thomas allege with particularity any facts that would cast substantial doubt on any of ATF's findings. *Id*. at p. 10. ATF argues that the issues for this Court to consider are whether the evidence in the record demonstrates willfulness with regards to Thomas' violations of the GCA and whether the cited violations, the existence of which are allegedly not contested, merited revocation. *Id*.

ATF further maintains that the administrative record demonstrates that Thomas willfully committed violations of the federal firearms laws and regulations. *Id*. at p. 12. ATF contends that when the evidence demonstrates that a licensee understands the legal requirements imposed on him by the GCA, but fails to abide by such obligations, his license may be revoked on the basis that he willfully violated the GCA. *Id*. In support of its willful violations argument, ATF first contends that Thomas transferred firearms to prohibited persons on two separate occasions. *Id*. at p. 14. ATF maintains that rather than dispute the violations, Thomas argued that these were mistakes. *Id*. However, ATF argues that even if these violations could be characterized as minor mistakes, this is irrelevant for purposes of GCA compliance, as there is no exception in the GCA for *de minimis* violations. *Id*.

In addition, ATF contends that it produced evidence of several additional violations at the revocation hearing, which included Thomas' failure to conduct a National Instant Criminal Background Check System ("NICS") background check and his failure to obtain a completed Form 4473. *Id*. at p. 16-7. However, ATF claims that it is not necessary for the Court to examine these additional violations if the Court finds that the transfer violations discussed above were willful and attributable to Thomas. *Id*. at p. 16.

Finally, ATF's motion addresses the quantity of the violations at issue. *Id*. at p. 17. ATF maintains that while there are at least eight individual violations cited on the ATF's "Notice of

Revocation," it is well-established that a single willful violation of the GCA is a sufficient basis to revoke a firearms license. *Id*.

In response to ATF's motion, Thomas pleads with the Court to show him mercy and reinstate his gun license. *See* Rec. Doc. 20. Thomas offers several explanations regarding a number of the violations and explains that he never "intentionally" transferred a firearm to a person whose clearance had been denied. *Id*. at p. 2-3. In addition, Thomas attached two letters of support that attest to his character and requests the Court's consideration. *Id*. at p. 4-6.

In its reply memorandum, ATF emphasizes how Thomas' violations have increased in both number as well as severity. (Rec. Doc. 23 at p. 2). In addition, ATF reiterates the willfulness standard under the GCA, arguing that Thomas' "lengthy track record of violations evidences plain indifference, rendering Petitioner's violations 'willful.'" *Id*. at p. 3.

## II. STANDARD OF REVIEW

### a. Standard of Review Under 18 U.S.C. § 923(f)

Under the Gun Control Act of 1968, the Attorney General has the ability, after notice and opportunity for hearing, to revoke any license issued under 18 U.S.C. § 923, "if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter." 18 U.S.C. § 923(e). Pursuant to 18 U.S.C. § 923(f)(3), a party whose federal firearms license has been either revoked or whose application for renewal of a federal firearms license has been denied "may at any time within sixty days after the date notice was given . . . file a petition with the United States district court for the district in which he resides or has his principal place of business for a *de novo* judicial review of such denial or revocation." *See Weaver v. Harris*, 486 Fed.Appx. 503, 505 (5th Cir.2012), *cert. denied*, 133 S.Ct. 1606, 185 L.Ed.2d 582 (2013). In such proceeding, the court has the ability to consider any evidence that is

submitted by the parties, regardless of whether such evidence was considered at the administrative hearing. 18 U.S.C. § 923(f)(3).

However, the Court's *de novo* review is limited to the question of whether the decision to revoke a federal firearms license was authorized by law. *See Weaver*, 486 Fed.Appx. at 505. Moreover, this "*de novo* standard of review means that the ATF's decision is entitled to no presumption of correctness and that the district court may attach such weight, if any, as it deems appropriate to the ATF's determinations and decision." *Fairmont Cash MGMT., LLC v. James*, 208 F.Supp.3d 830, 835 (S.D.Tex. Sept. 23, 2016) (quoting *Weaver v. Harris*, 856 F.Supp.2d 854, 857 (S.D. Miss. 2012), *aff'd*, 486 Fed.Appx. 503 (5th Cir. 2012)).

Furthermore, an evidentiary hearing is not required, and the court may enter judgment solely based upon its review of the administrative record. *Moreno v. Bureau of Alcohol, Tobacco, Firearms, Explosives*, 113 F.Supp.3d 916, 921 (W.D.Tex. Apr. 13, 2015) (citing *Strong v. United States*, 422 F.Supp.2d 712, 720 (N.D.Tex. Mar. 3, 2006)). Moreover, "a court may grant summary judgment in an appeal from an ATF administrative decision when there are no issues of material fact in dispute." *Moreno*, 113 F.Supp.3d at 922. (internal citations omitted).

b. **Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a district court shall grant summary judgment "if the movant shows that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.

2d 202 (1986). A fact is material if it "might affect the outcome of the suit under governing law." *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *E.E.O.C. v. LHC Group Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (internal quotation marks omitted). In addition, if the moving party is successful, then the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (internal citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990)).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### III. <u>LAW AND ANALYSIS</u>

Under 28 U.S.C. § 923(e), the Attorney General is granted statutory authority to revoke a federal firearms license if the holder of such license willfully violates any provision of the GCA. "To prove that a firearms dealer willfully violated the law, the government must show that the licensee either intentionally and knowingly violated its obligations or was recklessly or plainly indifferent despite the licensee's awareness of the law's requirements." *Moreno*, 113 F.Supp.3d at 922 (internal citations omitted). A violation is deemed willful "if the licensee 'has been informed of the regulations, warned of violations, and continually violates those requirements.'" *Id*. at 923 (quoting *Arwady Hand Trucks Sales, Inc. v. Vander Werf*, 507 F.Supp.2d 754, 758 (S.D.Tex.2007)). Put simply, "[r]epeated violation of known legal requirements is sufficient to establish willfulness." *Athens Pawn Shop Inc. v. Bennett*, 364 F.Appx. 58, 60 (5th Cir. 2010) (citing *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 415 F.3d 1274, 1277 (11th Cir.2005)); *see also Weaver*, 856 F.Supp.2d at 857 ("A license holder commits a willful violation of the Gun Control Act when, with knowledge of what the law requires, it intentionally or knowingly violates the GCA's requirements or acts with plain indifference to them . . . [A] dealer's repeated violations after it has been informed of the regulations and warned of

violations does show a purposeful disregard or plain indifference.") (internal quotation marks omitted).

Furthermore, subsequent efforts to correct a violation are irrelevant to the willfulness element of such violation at the time in which it occurred. *See Weaver*, 856 F.Supp.2d at 858. In addition, the GCA does not contain provisions relevant to the dispensation of any minor errors. *Id*. (quoting *Gun Shop LLC v. United States Dept. of Justice*, No. 4:10CV01459MLM, 2011 WL 2214671, at *10 (E.D.Mo. June 3, 2011)). Rather, under the GCA, revocation may take place if any rule or regulation is violated. *Id*. (citing *Armalite, Inc. v. Lambert*, 544 F.3d 644, 647 (6th Cir.2008)).

In the instant matter, ATF has met its burden in proving that there is no genuine issue of material fact as to whether Thomas committed willful violations of the GCA. First, the administrative record in this matter clearly establishes Thomas' knowledge of the legal requirements of the GCA. The transcript of Thomas' hearing reflects the various warnings that ATF sent to him over the course of the twenty-three years that he has held a federal firearms license. ATF first sent Thomas a warning letter following the 1994 inspection that it conducted. (Sealed Rec. Doc. 13-4 at p. 25). The letter was mailed on April 28, 1995, and reminded him that his federal firearms license "was conditioned upon his compliance with the federal firearms laws and regulations, and indicat[ed] that repeat violations of those would be viewed as willful and may result in revocation of his license." *Id*. at p. 25-6.

Furthermore, a recall inspection was conducted in 1996, and ATF prepared a report of the violations from the inspection, which was given to Thomas. *Id*. at p. 27. Thereafter, ATF conducted an additional inspection in 2007, at which time Thomas was cited with several violations of the GCA. *Id* at p. 28. Following this inspection in 2007, Thomas signed and dated an

"Acknowledgement of Federal Firearms Regulations" form, which the ATF investigator reviewed with Thomas. *Id* at p. 34. In addition, ATF also issued a letter to Thomas dated December 3, 2007, in which ATF indicated that it needed to schedule a warning conference with him and advised him that ATF would conduct a follow-up inspection, and any future violations, either repeat or otherwise, could be viewed as willful and result in revocation of his license. *Id*. at p. 35-7; Sealed Rec. Doc. 13-5 at p. 51-2.

On December 4, 2007, ATF conducted a warning conference with Thomas, and subsequently, ATF sent a follow-up letter to him that memorialized what transpired at the conference. (Sealed Rec. Doc. 13-4 at p. 38-9). The follow-up letter that ATF sent to Thomas specifically stated that,

> During this conference, the violations cited during the inspection period October 24, 2006, through October 23, 2007, and the necessary corrective action to prevent the violations from reoccurring were discussed.
>
> You met with the Acting Area Supervisor for New Orleans III Field Office, who went over each violation cited and reviewed in detail correct recordkeeping procedures. You were given the opportunity to comment on the violations and what specific action you have taken to ensure that the violations will not reoccur.
>
> You indicated that you have prepared a new format for conducting regular inventory audits and a review system for all ATF Forms 4473. You also stated that you fully understand the violations cited, and that you expect the new review system will prevent the violations from reoccurring.
>
> The violations for which you were cited could adversely impact law enforcement's ability to reduce violent crime and protect the public. You are reminded that future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license. You may anticipate further inspections to ensure your compliance.

(Sealed Rec. Doc. 13-5 at p. 53). Therefore, the record clearly establishes that prior to the March 30, 2015 inspection, Thomas received numerous warnings and reports of violations regarding his compliance with the requirements of the GCA.

Furthermore, with regards to Thomas' knowledge and comprehension of the GCA requirements, ATF DIO Wren made the following conclusions of law in the "Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License" issued to Thomas,

> The evidence and testimony presented at the hearing reveals that the Licensee understood the requirements concerning transfers in violation of the law, conducting background checks, and proper completion of Form 4473. In this regard, ATF reviewed the applicable laws and regulations with the Licensee during the 1994 inspection and the 2007 compliance inspections. The Licensee also received Reports of Violations from ATF following the 1994, 1996, and 2007 inspections and a Warning Letter following the 1994 and 2007 inspections. In addition, the Licensee attended a Warning Conference following the 2007 inspection at which time ATF advised that future violations, repeat or otherwise, could result in revocation.
>
> Despite the fact that the Licensee understood his responsibilities under the GCA, the evidence reveals that the Licensee was plainly indifferent to, or purposefully disregarded the firearms laws and regulations. The Licensee acknowledged that he understood the legal requirement that an ATF Form 4473 had to be completed and a NICS background check conducted before he could transfer a firearm yet he transferred firearms without completing Form 4473s and without doing NICS background checks. The Licensee also acknowledged that he knew it was illegal to transfer a firearm to a prohibited person yet transfers were made despite receiving NICS denial notifications regarding two prohibited persons. There is no more obvious goal of the NICS background check other than to identify prohibited persons and here the Licensee was plainly indifferent to the NICS denial notifications.

(Sealed Rec. Doc. 13-5 at p. 121). Based upon its review of the record, this Court finds that the evidence supports Wren's conclusions of law regarding Thomas' violations of the GCA. The evidence of the various reports of violations, letters, and warnings issued by ATF to Thomas, as detailed above, supports the conclusion that Thomas had knowledge of his responsibilities under the GCA, understood his responsibilities under the GCA, and was plainly indifferent to those responsibilities. Thus, such evidence supports ATF's decision to revoke Thomas' federal firearms license based upon his willful violations of the GCA. *See Arwady*, 507 F.Supp.2d at 762 ("Factors tending to establish 'willfulness' as a matter of law include (1) a licensee's proven knowledge of

its record keeping obligations, (2) persistent failure 'to comply with . . . the same or similar' provisions, and (3) receipt of a warning letter advising [the licensee] that repeated violations of the regulations could result in the revocation of its license.") (internal citations omitted).

Furthermore, in addition to the evidence of ATF's repeated warnings, Thomas' own testimony supports the finding that he willfully violated provisions of the GCA. With regards to the ATF Form 4473 violations, Thomas admitted that he knew that he had to complete an ATF Form 4473 and that he did not complete such form in at least two specific instances. *See* Sealed Rec. Doc. 13-5 at p. 6-7. Likewise, Thomas also admitted that although there were occasions where he did not conduct a NICS background check before transferring a firearm, he knew that he was required to conduct such NICS background check before a transfer could be done. *Id*. Finally, Thomas testified that the transfers of firearms to prohibited persons on two occasions were oversights or "bad boo-boo[s]."[1] *Id*. at p. 18-9.

Moreover, Thomas' opposition to ATF's motion for summary judgment offers explanations for his violations of the GCA, claiming that these violations were very serious mistakes and claiming that he never intentionally transferred a gun to a prohibited person. However, evidence of a licensee's "bad purpose" or "evil motive" is not required under the GCA. *Arwady*, 507 F.Supp.2d at 761.

Thus, the record in this matter clearly demonstrates Thomas' knowledge of the legal requirements of the GCA, and at the very least, that he was plainly indifferent to such requirements, as demonstrated by the increasing number and severity of violations. Therefore, this Court finds

---

[1] Throughout the hearing, Thomas argued that he personally did not make the transfers to prohibited persons, but one of his employees made the transfers. *See* Sealed Rec. Doc. 13-5 at p. 7 and 26. However, Thomas acknowledged that he is held accountable for the actions of his employee. *See id*. at p. 14 and 26.

that there is no genuine issue of material fact as to whether Thomas committed willful violations of the GCA and affirms ATF's decision to revoke Thomas' federal firearms license.

### IV.     CONCLUSION

Accordingly;

**IT IS ORDERED** that "Respondent's Motion for Summary Judgment" (Rec. Doc. 13) is hereby **GRANTED**, and Petitioner's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 16th day of June 2017.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**